UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE DAVIS, Plaintiff | CIVIL ACTION NO. 1:16-CV-1683-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRISTUS ST. FRANCIS CABRINI HOSPITAL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Complaint (Doc. 1) filed by pro se Plaintiff Lawrence Davis (#21218-016) under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1] At the time of filing, Davis was a District of Columbia inmate in the custody of the United States Bureau of Prisons ("BOP"). Davis's complaint was initially filed in the United States District Court for the District of New Hampshire but was transferred to this District Court. (Doc. 6). Because Davis failed to provide documents on approved forms, and his mail was returned to the Clerk of Court as undeliverable, the complaint was stricken. (Doc. 15). Approximately two years later, Davis filed a letter requesting that his case be reopened, which was granted. (Docs. 18, 19).

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Because it appears that his claims are untimely, and Davis made inconsistent allegations regarding the exhaustion of his administrative remedies in his two complaints, Davis must AMEND to provide additional information to the Court.

I. Background

On July 27, 2014, while housed at the United States Penitentiary in Pollock, Louisiana, Davis was attacked by several inmates. Davis suffered serious injuries, which required hospitalization and surgical intervention. (Doc. 1, pp. 4-5).

In his original complaint, Davis alleges that Defendant Officers Qualls and Johnson were present during the assault and failed to intervene. (Doc. 1, p. 6). Davis also alleges Officers Qualls and Johnson directed the inmates to assault him. (Doc. 1, p. 5). In addition to severe physical injuries, Davis claims he suffered mental and emotional injuries as a result of the attack.

Davis further asserts in his first complaint that St. Francis Cabrini Hospital, Dr. Smith, Dr. Lenhan, and Dr. Dozier, were negligent during surgery to repair Davis's medial right orbital wall. (Doc. 1, p. 5).

In his second complaint, Davis claims that Officer Jackson failed to properly conduct security checks, which led to the attack. (Doc. 20, p. 3).

II. Instructions to Amend

The statute of limitations for a Bivens action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines

when a Bivens action accrues. United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

Davis knew of his failure to protect claim on the date of his attack—July 27, 2014. Davis was aware of the alleged medical negligence, at the latest, on February 6, 2015 when Davis was diagnosed with dry eyes, which he attributes to the negligence of the defendant doctors. Davis's Bivens complaint was filed more than one year later, on June 28, 2016. (Doc. 1).

The statute of limitations applicable to a Bivens action "is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement." See Starks v. Hollier, 295 F. App'x 664, 665 (5th Cir. 2008) (citing Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001)); Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) (holding that, because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies). Therefore, unless Davis properly exhausted his administrative remedies, his complaint is time-barred.

In his original complaint, Davis specifically states that he did not exhaust administrative remedies. (Doc. 1, p. 6). In a recent complaint, however, Davis claims that he did exhaust administrative remedies. (Doc. 20, p. 2).

Whether Davis is entitled to tolling of the statute of limitations depends on whether he properly exhausted his administrative remedies. Therefore, Davis must amend his complaint to state whether the allegations regarding exhaustion in his first (Doc. 1, p. 6) or second (Doc. 20, p. 2) complaint are accurate. If Davis indeed filed the grievance forms as alleged in his second complaint—"BP 8, 9, 10, 11"—he shall provide dated copies of each form that he submitted. If Davis cannot provide copies, he must provide the dates on which he submitted each form.

Next, if Davis can provide the information establishing proper exhaustion, he must also state what each Defendant did that resulted in a violation of his constitutional rights.

### III. Conclusion

Because it appears that his claims are untimely, and Davis made inconsistent allegations regarding exhaustion of his administrative remedies in his two complaints, IT IS ORDERED that Davis AMEND his complaint within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

Davis is further required to notify the Court of any change of his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  __14th__  day of February, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge