a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE DAVIS, Plaintiff | CIVIL ACTION NO. 1:16-CV-1683-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRISTUS ST. FRANCIS CABRINI HOSPITAL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint and Amended Complaint (Docs. 1, 20) filed by pro se Plaintiff Lawrence Davis (#21218-016) under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1]  At the time of filing, Davis was a District of Columbia inmate in the custody of the United States Bureau of Prisons ("BOP"). Davis's Complaint was initially filed in the United States District Court for the District of New Hampshire, but was later transferred to this Court. (Doc. 6).  Because Davis failed to provide documents on approved forms, and his mail was returned to the Clerk of Court as undeliverable, the Complaint was stricken. (Doc. 15).  Davis filed a letter requesting that his case be reopened, and the Court granted that request. (Docs. 18, 19).

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Because Davis has failed to comply with the Court's Order to amend (Doc. 21), the Complaints (Docs. 1, 20) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Davis was allegedly attacked by several inmates at the United States Penitentiary in Pollock, Louisiana. Davis suffered serious injuries, which required hospitalization and surgical intervention. (Doc. 1, pp. 4-5).

Davis alleges that Defendant Officers Qualls and Johnson were present during the assault and failed to intervene. (Doc. 1, p. 6). Davis also alleges Officers Qualls and Johnson directed the inmates to assault him. (Doc. 1, p. 5). In addition to severe physical injuries, Davis claims he suffered mental and emotional injuries as a result of the attack. (Doc. 1).

Davis further asserts that St. Francis Cabrini Hospital, Dr. Smith, Dr. Lenhan, and Dr. Dozier, were negligent during surgery in attempting to repair Davis's medial right orbital wall. (Doc. 1, p. 5).

In an Amended Complaint, Davis claims that Officer Jackson failed to properly conduct security checks, which led to the attack. (Doc. 20, p. 3).

Because it appears that his claims are untimely and Davis made inconsistent allegations regarding the exhaustion of his administrative remedies in his Complaints (Docs. 1, 20), Davis was ordered to amend to provide additional information. (Doc. 21). The Amended Complaint was due by April 18, 2019. (Doc. 24). To date, Davis has failed to comply with the Court's Order.

## II.  Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order.  Fed. R. Civ. P. 41(b).  A court possesses the inherent authority to dismiss an action sua sponte, without a motion by a defendant.  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  Id. at 629-630.

Davis was granted an extension of time to April 18, 2019 within which to comply with the Court's Order.  (Doc. 24).  More than one month has passed since the extended deadline, and Davis has failed to comply or explain.  Therefore, Davis's Complaints (Docs. 1, 20) should be DISMISSED WITHOUT PREJUDICE.

## III.  Conclusion

Because Davis has failed to comply with the Court's Order (Doc. 21), IT IS RECOMMENDED that the Complaints (Docs. 1, 20) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of June, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge